UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORP., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:06CV01191-ERW |
| | ) |
| SYNGENTA SEEDS, INC., et al., | ) |
| | ) |
| Defendant(s). | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Syngenta Biotechnology, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., and Thorp Seed Co.'s Motion to Dismiss for lack of personal jurisdiction [doc. #35], Defendants' Motion to Sever the claim against JC Robinson and Transfer the Remaining Claims to the District of Delaware [doc. #37], and Defendants Garst Seed Company, Syngenta Seeds, Inc., Golden Harvest Seeds, Inc., and Sommer Bros. Seed Company's Motion to file First Amended Answer and Counterclaims [doc. #58].

## **I. PROCEDURAL BACKGROUND**

Plaintiff Dekalb Genetics Corp. ("Plaintiff") filed suit against Defendants Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Company, Golden Seed Company, L.L.C., Sommer Brothers Seed Company, Thorp Seed Company, J.C. Robinson Seeds, Inc., and Garst Seed Company (collectively "Defendants") alleging patent infringement, relating to the production and sale of GA21 corn seed. Defendants immediately filed a Motion to Transfer to the District of Delaware. This Court denied Defendants' Motion to Transfer on the basis that the Delaware court lacked personal jurisdiction over Defendant JC

1

Robinson. Following this Court's order, Defendants have filed the pending motion to sever Plaintiff's claims against JC Robinson, and to transfer the remaining claims to the District of Delaware. Also pending are Defendants Syngenta Biotechnology, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., and Thorp Seed Co.'s Motion to Dismiss, and Defendants' Motion to file an amended answer. The Court will begin its analysis by addressing the Motion to Sever and Transfer, as a ruling on that motion may make it unnecessary to address the two remaining motions. As the questions before the Court are largely procedural, a recitation of the facts is unnecessary; the Court will state the relevant facts where needed.

## II. MOTION TO SEVER AND TRANSFER

There are two distinct questions that need to be addressed in resolving Defendants' Motion to Sever JC Robinson and transfer the remaining claims to the district of Delaware. First, the Court must determine whether this is in fact a motion for reconsideration, as Plaintiff asserts, and if so whether it is appropriately filed. Second, if the Court determines that the motion is proper, is JC Robinson a peripheral party such that severance and transfer is appropriate. The Court will begin with a discussion of whether this is a motion for reconsideration as this dictates whether a determination of the second question is required.

### A. RECONSIDERATION

Plaintiff asserts that Defendants' motion is simply a request of this Court to reconsider its December 29, 2006 order denying Defendants' Motion to Transfer. The Federal Rules do not specifically provide for motions for reconsideration, although they are frequently filed. Depending on the time such a motion is filed, and on the type of ruling challenged, the district courts are forced to construe such a motion as either a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) or a Motion for Relief from Final Judgment, Order, or

Proceeding under Rule 60(b). *Cooley v. Daimlerchrysler Corporation*, 281 F.Supp.2d 979, 987 (E.D.Mo. 2003). Under Rule 59(e) "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) is clearly not applicable as the pending motion was filed more than ten days after this Court's order. Rule 60(b) contains no time limitation. Fed. R. Civ. P. 60(b). The Eighth Circuit stated that "we have determined that motions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders. *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (internal citation omitted). However, Rule 60(b) "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Defendants do not challenge the legal standard for a district court ruling on a motion for reconsideration, but rather argue that this is not a motion for reconsideration, "instead, Syngenta is asking the Court to now decide the merits of the transfer dispute in light of JC Robinson's peripheral status in the pending litigation." *Def. Reply Memo. in Support of Defs. Mot. to Sever and Transfer*, p. 10. "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). It is within the inherent power of the district court to reverse its own interlocutory order. *Cooley*, 281 F.Supp.2d at 987. In its prior ruling this Court based its decision to deny motion to transfer solely on the District of Delaware's lack of jurisdiction over JC Robinson. Under Rule 60(b) this Court may reconsider a prior decision if it is justified. Because the arguments presented in this motion are distinct from those previously raised, and no request to sever was previously presented, the Court will consider the merits of this argument.

### B. SEVER AND TRANSFER

3

Federal Rule of Civil Procedure 21 states, in pertinent part, that: "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Furthermore, the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[I]n certain circumstances, a district court is empowered to order severance of defendants, to transfer the action as to some defendants and to issue a stay sua sponte as to the remainder of the action." *Koh v. Microtek International, Inc.*, 250 F.Supp.2d 627, 631 (E.D.Va. 2003). "Severance and transfer are appropriate only if (1) the claim to be severed is peripheral to the remaining claims; (2) the adjudication of the remaining claims is potentially dispositive of the severed claim; and (3) the transfer of the remaining claims is warranted under § 1404(a)." *Indianapolis Motor Speedway Corp. v. Polaris Industries, Inc.*, 2000 WL 777874, *2 (S.D.Ind. June 15, 2000); *see also Koh*, 250 F.Supp.2d at 632; *Corry v. CFM Majestic Inc.*, 16 F.Supp.2d 660, 665 (E.D.Va. 1998).

The first issue is to determine whether JC Robinson is a peripheral party, as "[s]everance and transfer are not appropriate where the court retains jurisdiction over a party central to the dispute." *Indianapolis Motor Speedway*, 2000 WL 777874, at *2. Defendants argue that JC Robinson is peripheral as it is merely a re-seller/distributer of the AG21 Corn seed ("the corn seed") at issue in this case, and therefore the real dispute is with Syngenta, the manufacturer, producer and seller of the corn seed. The Plaintiff disagrees with this characterization; Plaintiff argues that JC Robinson has proprietary rights in the corn seed and therefore could license the production and manufacture of the corn seed to a company other than Syngenta. Furthermore,

4

Plaintiff argues that the case at bar is distinguishable from all cases cited by Defendants because JC Robinson was not named as a Defendant solely for purpose of destroying jurisdiction in Delaware. Plaintiff contends that JC Robinson is a central party to this litigation and therefore cannot be severed. Both parties reference in their briefs the Master Service Agreement, which serves as the basis of the relationship between Defendant Syngenta Seeds, Inc. and JC Robinson, as supporting their positions. Defendants also cite to the Court the Agrisure GT Corn License and Royalty Agreement ("Agrisure Agreement"), which is a licensing agreement between JC Robinson and Syngenta specifically addressing Agrisure GT GA21 Corn.

Many of the cases cited by the Defendants find severance of a re-seller or distributor appropriate in a patent infringement case, as they are only peripherally involved in the claim. *See e.g. LG Electronics v. Advance Creative Computer Corp.*, 131 F.Supp.2d 804, 811-812 (E.D.Va. 2001). In *LG Electronics*, the court severed one defendant, Defendant DTK-NJ, who was a re-seller of products manufactured by the two principal defendants, DKT and Advance. *Id.* The court in *LG Electronics* specifically held that "[a]djudication of DKT's claim will dispose of the claims against DTK-NJ as a reseller of the products." However, that is not the situation in the case at bar. Under the MSA, JC Robinson is a signatory, and a customer of Syngenta Seeds. The MSA gives Syngenta permission to manufacture, and package GA21 corn on behalf of JC Robinson. However, the agreement specifically states that the customer, which is defined as the companies for whom Syngenta is manufacturing the seed products, retain any proprietary rights in the products being produced by Syngenta.

Defendants emphasize in their reply brief that JC Robinson owns no physical property or equipment and therefore could not manufacture GA21 corn themselves. Furthermore, Syngenta argues that under the Agrisure Agreement, GA21 corn is a Syngenta Seeds product, and not a JC

Robinson product. The Agrisure Agreement grants a limited license to GH Holding, Inc., to sell Syngenta Seeds' products. This agreement encompasses GA21 corn. GH Holding, Inc. is a company made up of several entities, which are listed in the Agrisure Agreement as Licensee Affiliates. JC Robinson is included as a Licensee Affiliate, and as such has certain rights to sell GA21 corn in accordance with the Agrisure Agreement.

Although the Agrisure Agreement appears to support the Defendants' position, that JC Robinson is merely a seller of Syngenta's corn products, the Court is not persuaded that JC Robinson is merely a peripheral party. Defendants admit that GA21 corn was created using germplasm provided by JC Robinson, along with an inbred line derived from a third party. The information provided by the parties shows that JC Robinson has an ongoing relationship with both GH Holding, Inc., and with Syngenta Seeds, Inc. Plaintiff filed suit in this district against all the entities that are associated with GH Holding, Inc., and Defendants have failed to provide sufficient information to show that a ruling against Syngenta Seeds Inc., will have the effect of preventing the sale of infringing products with respect to JC Robinson. *See e.g. LG Electronics*, 131 F.Supp.2d at 812. All Defendants which make of GH Holding, Inc., have some interest in GA21 Corn. Furthermore, as was emphasized by this Court in its initial ruling, the Plaintiff's choice of forum is to be given substantial weight. Therefore this Court denies Defendants' Motion to Sever JC Robinson and Transfer the remaining claims to the District of Delaware.

### III. MOTION TO DISMISS

Defendants Syngenta Biotechnology, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., and Thorp Seed Co.'s (collectively "Defendant-Movants") filed a Motion to Dismiss for lack of personal jurisdiction [doc. #35]. Defendant-Movants argue that Plaintiff has failed to allege sufficient facts to present a prima facie case of personal jurisdiction in Missouri over the

Defendant-Movants. Plaintiff counters Defendant-Movants' Motion with three distinct arguments: 1) that Defendant-Movants' motion is inappropriate because it should have been consolidated under Federal Rule of Civil Procedure 12 with Defendants' prior motion to transfer the case to the district of Delaware; 2) that there is sufficient evidence of Defendants' contacts with Missouri to establish personal jurisdiction; and 3) in the alternative Plaintiff should be given an opportunity to amend the complaint to allege sufficient facts to establish a prima facie case of personal jurisdiction.

### A. TIMELINESS

The first issue for the Court to address is whether Defendant-Movants' Motion to Dismiss for lack of personal jurisdiction is timely. Federal Rule of Civil Procedure 12 provides for a party to object to personal jurisdiction either by responsive pleading, or by motion. Fed. R. Civ. P. 12(b).[1] Rule 12 further provides that

> [a] party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted. . ..

Fed. R. Civ. P. 12(g). Furthermore, Rule 12(h)(1) specifically states that

> [a] defense of lack of *jurisdiction over the person*, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

---

[1]Rule 12 provides in pertinent part, "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (2) lack of jurisdiction over the person. . .." Fed. R. Civ. P. 12(b).

Fed. R. Civ. P. 12(h)(1) (emphasis added). Although these rules can appear slightly convoluted, the bottom line is that a party who fails to object to personal jurisdiction, either in a responsive pleading, or in their first rule 12 motion, waives that objection.

Plaintiff argues that a motion to transfer under § 1404(a) is equivalent to a Rule 12(b)(3) defense of improper venue, and therefore Defendants' motion to dismiss for lack of personal jurisdiction should be dismissed as they waived their right to object by failing to consolidate the two motions. Defendants dispute that a motion to transfer under § 1404(a) is equivalent to a motion under Rule 12(b)(3). Defendants argue the cases cited by Plaintiff are distinguishable because, in those cases, the § 1404(a) motions to transfer venue and the subsequent Rule 12(b)(3) motions at issue turned on the same set of facts. Defendants assert that the facts that form the basis of the pending motion are not the same as those that formed the basis of their prior motion to transfer.

This Court agrees with Defendants, that a motion under § 1404(a) to transfer venue is distinguishable from a Rule 12(b)(3) motion contesting venue, and therefore is not governed by the waiver provision of Rule 12(h). *James v. Norfolk & W. Ry. Co.*, 430 F.Supp.1317, 1319 n. 1 (S.D.Ohio 1976) ("A motion to transfer venue under § 1404(a) is not a Rule 12(b)(3) motion and is not governed by the waiver provisions of Rule 12(h)."); *Red Wing Shoe Co., Inc. v. B-Jays USA, Inc.*, 2002 WL 1398538, *2 (D.Minn. June 26, 2002) ("A motion to transfer venue for the convenience of parties or witnesses or in the interests of justice, brought pursuant to 28 U.S.C. § 1404(a), is not a motion under 12(b)(3) of the Federal Rules of Civil Procedure, so the waiver provision of Rule 12(h) is inapplicable.").

Plaintiff cites to the case of *Sangdahl v. Litton*, 69 F.R.D. 641, 642 (S.D.N.Y. 1976), for the opposite proposition, that these two provisions are the same. That court stated "[w]hile it is

true that defendant's motion for change of venue was made, and necessarily so, under the forum non conveniens statute, and not under Rule 12(b)(3), the underlying facts to support a motion to change venue were essentially the same as the facts upon which he grounds his motion for lack of jurisdiction over the person, and were apparent to defendant upon the very commencement of suit." *Id.* at 642. The Court went onto state that "[i]n addition this court has previously held that a motion under section 1404(a) of Title 28 presupposes initial proper jurisdiction in the transferor court." *Id.* (internal citation omitted). That presupposition is not present in the case at bar, nor are the two motions based on the same set of facts. Defendants objected to personal jurisdiction over the named Defendants in their initial answer, thereby foreclosing a waiver argument by the Plaintiff. Furthermore, the underlying facts are distinct, and therefore warrant this Court addressing Defendants' objections to personal jurisdiction. Plaintiff also cites to *Altman v. Liberty Equities Corp.*, however that case is equally unavailing, as in that case the district court relied not upon Rule 12(h) for a finding of waiver, but rather on the general rule that an objection to venue must be timely and sufficient. 322 F.Supp. 377, 379 (S.D.N.Y. 1971) ("Rule 12(h) simply defines the outer and absolute limits of timeliness. It does not preclude waiver by implication.").

The Florida Supreme Court specifically held that "once the defense of lack of personal jurisdiction is properly preserved, the defendant may proceed with a defense on the merits without waiving the jurisdictional issue." *Florida Department of Children and Families v. Sun-Sentinel, Inc.*, 865 So.2d 1278, 1283 (Fl. 2004). The argument that Defendants conceded personal jurisdiction in this forum when they filed their motion to transfer is unpersuasive, as Defendants specifically objected to personal jurisdiction prior to the filing of that motion. Plaintiff cites to a number of cases which find that simply including the defense of lack of personal jurisdiction in the

9

answer is not sufficient to prevent waiver, if the defendant fails to raise the defense in its first Rule 12 motion. *See e.g. Arkwright Mutual Insurance Co. v. Scottsdale Insurance Co.*, 874 F.Supp. 601, 604 (S.D.N.Y. 1995). However, in the case at bar the pending Rule 12 motion is the first Rule 12 motion, as the prior motion was a motion under 28 U.S.C. § 1404(a). None of the cases cited by either party are binding upon this Court,[2] and the Court is persuaded that the correct approach is in accordance with those courts which do not treat a motion under § 1404(a) as a Rule 12(b)(3) motion. Furthermore, Defendants preserved their objection to personal jurisdiction by raising it in their answer.

### B. PERSONAL JURISDICTION

As the Court has determined that Defendants-Movants' Motion to Dismiss is timely filed, the Court must now determine whether jurisdiction is proper over Defendants Syngenta Biotechnology, Inc., Garwood Seed Company, Golden Seed Company, L.L.C., and Thorp Seed Company. Plaintiff specifically argues that jurisdiction is proper in this Court because all of the Defendant-Movants have maintained intertwined business relations with the other named Defendants, over whom this Court does have jurisdiction.

In order for a Court to exercise jurisdiction over a defendant, two requirements must be met: 1) jurisdiction must be allowed in accordance with the Missouri long-arm statute; and 2) the reach of the long-arm statute must comport with due process. *Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1343-1344 (Fed. Cir. 2006). These two requirements

---

[2]Plaintiff cites to the Eighth Circuit decision of *Yeldell v. Tutt*, however, this case provides only that "[t]he defense [of lack of personal jurisdiction] may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." 913 F.2d 533, 539 (8th Cir. 1990) (internal citation omitted). However, this case reinforces the discretion of the trial court in determining waiver, when such defense was raised in the responsive pleading. *Id.* ("We believe, however, that this rule sets only the outer limits of waiver; it does not preclude waiver by implication." (Internal citation omitted)).

essentially collapse into the later, as Missouri interprets its long-arm statute in accordance with the limits permitted under the due process clause. *See e.g. Enterprise Rent-A-Car Co. v. U-Haul International Inc.*, 327 F.Supp.2d 1032, 1036 (E.D.Mo. 2004). The Supreme Court in the landmark decision of *International Shoe*, held that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). The definition of minimum contacts depends on whether personal jurisdiction is general or specific. General jurisdiction exists where the defendant has continuous and systematic general business contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984). The notion of fair play, in the case of specific jurisdiction, "is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citation omitted). The court may hold an evidentiary hearing regarding personal jurisdiction, at which time it may consider facts outside of the pleadings, however, without considering such evidence, Plaintiff must only make a prima facie case of personal jurisdiction, and must accept the uncontroverted allegations in the complaint as true. *Pennington*, 457 F.3d at1344.

Three of the Defendant-Movants, Garwood Seed Company, Golden Seed Company, L.L.C., and Thorp Seed Company, have business relations with Golden Harvest Seeds Inc., and the fourth Defendant-Movant, Syngenta Biotechnology Inc., is associated with Syngenta Seeds, Inc. Although there is clearly some level of interaction between the named Defendants in this case, it is not clear that the relationship is sufficient to subject the Defendant-Movants to personal

11

jurisdiction in Missouri. The First Amended Complaint simply lists the Defendant-Movants states of incorporation, and their principal places of business,[3] it does not provide any additional information regarding contacts with Missouri. Since none of the Defendant-Movants are Missouri corporations, nor do they have their principal places of business in Missouri, this information is insufficient to satisfy Plaintiff's burden of creating a prima facie case of personal jurisdiction.

Plaintiff requests that if this Court finds that personal jurisdiction is lacking, that it be granted leave to amend their First Amended Complaint, to include sufficient allegations of personal jurisdiction. Since Plaintiff has requested leave to amend within the time period allowed under the Case Management Order, leave to amend is granted. Defendants may renew their motion to dismiss for lack of personal jurisdiction following amendment of the pleadings by Plaintiff.

## IV. MOTION TO AMEND ANSWER

Finally, the Court must address Defendants' Motion to Amend the Answer. Specifically contested by Plaintiff is Defendants request to amend the affirmative defense of unclean hands. Defendants asserted this defense in their Answer to the First Amended Complaint, however, they now seek to amend this defense by adding a number of specific allegations. A hearing on this matter was held before the Court on April 19, 2007, after the matter was fully briefed. Having considered the parties arguments the Court believes that leave to amend should be granted at this time.

---

[3]Syngenta Biotechnology is a Delaware corporation with offices located in Research Triangle Park, North Carolina; Garwood Seed Company is an Illinois corporation with its principal place of business in Stonington Illinois; Golden Seed Company is an Illinois corporation with its principal place of business in Cordova, Illinois; and Thorp Seed Company is an Illinois corporation with its principal place of business in Clinton, Illinois.

Rule 15(a) of the Federal Rules of Civil Procedure provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). The Supreme Court stated that "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) ("Leave to amend should be granted liberally. . .."). "However, 'denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006); *see also Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986) ("Several Factors govern the granting of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the nonmovant, and (4) futility of amendment."). The standard for denying a motion on grounds that it is clearly frivolous or futile is stringent. The Eighth Circuit stated that "a party's motion to amend should be dismissed on the merits only if it asserts clearly frivolous claims or defenses. Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted is clearly frivolous." *Gamma-10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994).

Defendants assert that Plaintiff fraudulently misappropriated RD-125, a DNA construct developed by Rhone-Poulenc Agro (RPA), and used this misappropriated information to obtain United States Patent Number 5,554,798 ("the '798 patent"). Defendants seek leave to amend their answer to include detailed allegations of the defense of unclean hands. Plaintiff admits that a

13

North Carolina court found them liable for misappropriation of trade secrets in relation to RD-125, but dispute that this fraud has any connection to the prosecution or issuance of the '798 patent. Plaintiff argues that the fraud has no connection to the issues in this case, therefore allowing amendment would be futile, and should be denied.

The standard stated above is quite strict, and having reviewed the evidence provided by the parties the Court is not persuaded that the defense of unclean hands is clearly frivolous. Plaintiff presented a convincing argument before the Court, that the information relied upon by the patent examiner in issuing the '798 patent, did not contain the misappropriated trade secrets, and therefore is unrelated to the legal claims at issue in this suit.[4] However, such a presentation was not without factual questions. Defendants made an equally thorough argument in response: Defendants' argue that because the RD-125 remained a trade secret of RPA until early 1997, the use of that information by Plaintiff in support of the '798 patent application was fraudulent and therefore prevents a recovery by Plaintiff for Defendants infringement of that patent. It is unclear to the Court at this time whether the Plaintiff's fraudulent conduct had an impact on the Patent Examiner's issuance of the '798 patent. However, this is not the appropriate stage of the litigation to make such a determination. Defendants filed their motion to amend within the time permitted by the Case Management Order and therefore Defendants are granted leave to amend their answer to allege the details of their unclean hands defense.

## V. CONCLUSION

Defendants filed three motions that are currently before the Court. Defendants' Motion to Sever and Transfer is denied; it is not clear from the evidence provided to this Court that JC Robinson is a peripheral party, and therefore it is not appropriate to sever that party and transfer

---

[4]The claims asserted by Plaintiff are for infringement of the '798 patent.

the remaining claims. Furthermore, the Plaintiff's choice of forum is to be respected, which limits the circumstances where severance is appropriate. Four of the Defendants also filed a Motion to Dismiss for lack of personal jurisdiction. The Court agrees that the Plaintiff has failed to allege sufficient facts to support jurisdiction in this district. However, as the Plaintiff has requested leave to amend within the time allotted by the case management order, Defendants motion is denied at this time and Plaintiff is granted leave to amend. Lastly, Defendants filed a Motion to Amend the Answer. Leave to amend is granted; there remains several factual disputes regarding the defense of unclean hands, that are not appropriately addressed at this stage of the litigation. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Syngenta Biotechnology, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., and Thorp Seed Co.'s Motion to Dismiss for lack of personal jurisdiction [doc. #35] is **DENIED** at this time. Plaintiff is granted leave to amend its First Amended Complaint to allege facts sufficient to support a finding of personal jurisdiction.

**IT IS FURTHER ORDERED** that Defendants Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Company, Golden Seed Company, L.L.C., Sommer Brothers Seed Company, Thorp Seed Company, JC Robinson Seeds, Inc., and Garst Seed Company's Motion to Sever the claim against JC Robinson and Transfer the Remaining Claims to the District of Delaware [doc. #37] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Garst Seed Company, Syngenta Seeds, Inc., Golden Harvest Seeds, Inc., and Sommer Bros. Seed Company's Motion to file First Amended Answer and Counterclaims [doc. #58] is **GRANTED.**

Dated this 24th Day of April, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE