UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORP., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV01191-ERW |
| | ) | |
| SYNGENTA SEEDS INC. et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Compel Production of Documents [doc. #63].

## I. BACKGROUND

Plaintiff filed suit against Defendants for patent infringement on August 9, 2006. In accordance with the Case Management Order entered on January 26, 2007, the parties are currently pursuing discovery. Defendants requested the production of documents. Plaintiff responded to this request by producing a number of documents as well as providing a privilege log as the basis for failing to produce a number of additional documents. Plaintiff has supplemented its privilege log on a number of occasions, each time producing additional documents to the Defendants. Despite these supplements, Defendants still assert that the privilege log is inadequate and that the documents listed are discoverable. The Court held a hearing on this matter on May 16, 2007, and ordered that the documents in question be produced to the Court for *in camera* review.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure allow a party to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . .." Fed. R. Civ. P. 26(1). The Federal Rules further provide for the protection of trial preparation materials;

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . *only* upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3). These rules allow for the protection of materials under two distinct sets of rules, the first protects communications between an attorney and his client, the second protects information or material assembled in anticipation of litigation. *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 601 (8th Cir. 1977).

When a party withholds documents or materials under a claim of privilege, the rules place the burden on the party asserting the privilege to prove its applicability. Fed. R. Civ. P. 26(b)(5); *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) ("The party seeking to invoke the privilege bears the burden of proving all of its essential elements."); *see also* 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 2016.1 (2d ed. 1994) ("As a starting point, it is clear that ultimately a party asserting privilege must make a showing to justify withholding materials if that is challenged."). Specifically, the Federal Rules require that

> [w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).

The Eighth Circuit provides a concise definition of Attorney-client privilege: "where legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communications relevant to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal advisor except the protection be waived." *Diversified*, 572 F.3d at 602. The Eighth Circuit further cautions that due to the absolute nature of the privilege, and its adverse effect on the disclosure of truth, the privilege is strictly construed. *Id.* The Eighth Circuit also provides a definition of the work prodcut doctrine, as protecting those materials "obtained in anticipation of litigation or for trial." *Id.* at 603. The Eighth Circuit recognizes that "the qualified immunity or privilege accorded to work product by the rule is to some extent broader than the absolute attorney-client privilege that has been discussed[,]" as it "is not confined to information or materials gathered or assembled by a lawyer." *Id.*

### III. DISCUSSION

The Court has reviewed the Documents and the following order lists which documents must be produced, which documents are protected by privilege, and which documents require further explanation by Plaintiff. Due to the large number of documents, the Court will list each document number, as listed in Plaintiff's Fourth Amended Privileged Document Log, the asserted privilege, and whether such document must be disclosed. In reaching its decisions the Court is mindful that the burden is on the Plaintiff to show that the privilege is applicable, and therefore where the Plaintiff has failed to provide sufficient explanation of its claim of privilege, the documents are ordered produced, unless additional evidence is provided to the Court's satisfaction.

| Priv. Doc. No. | Privilege Asserted | Date | Document Type | Court's Ruling |
|---|---|---|---|---|
| 0001 | Attorney-Client/ Work Product | 09/08/1988 | Lab Notebook | Privileged (Attorney-Client) |
| 0002 | Attorney-Client/ Work Product | 10/20/1988 | Lab Notebook | Privileged (Attorney-Client) |
| 0003 | Attorney-Client/ Work Product | 9/21/1988 | Lab Notebook | Pages 1-4 not privileged-Produce. Page 5 not privileged-produce. However, the Plaintiff may provide additional information regarding who page five was prepared for, who signed "read and understood" so the Court can determine whether it is privileged. |
| 0005 | Attorney-Client/ Work Product | 10/17/1997 | Correspondence | Privileged (Attorney-Client) |
| 0011 | Attorney-Client | 02/14/1995 | Correspondence | Privileged |
| 0013 | Attorney-Client | None | Presentation | Not Privileged-Produce The Court can find no evidence of an attorney who was involved in producing this presentation. Therefore, the information must be produced. |
| 0021 | Attorney-Client | 11/05/1998 | Form | Privileged |
| 0022 | Attorney-Client | 11/06/1998 | Form | Privileged |
| 0034 | Attorney-Client | 11/30/1998 | Form | Privileged |
| 0035 | Attorney-Client | 1999 | Publication | Privileged |
| 0037 | Attorney-Client | 09/27/1999 | Form | Privileged |
| 0039 | Attorney-Client/ Work Product | 01/25/1983 | Lab Notebook | Privileged (Attorney-Client) |
| 0040 | Attorney-Client/ Work Product | 05/30/1989 | Lab Notebook | Privileged (Work Product) |

| **Priv. Doc. No.** | **Privilege Asserted** | **Date** | **Document Type** | **Court's Ruling** |
|---|---|---|---|---|
| 0041 | Attorney-Client/ Work Product | 02/28/1989 | Lab Notebook | Privileged (Work Product) |
| 0042 | Attorney-Client | 06/11/1997 | Correspondence | Privileged |
| 0044 | Attorney-Client | 09/01/1999 | Correspondence | Privileged |
| 0045 | Attorney-Client | 08/11/1999 | E-mail w/ attachment | Privileged |
| 0046 | Attorney-Client | 06/18/1999 | Correspondence | Privileged |
| 0047 | Attorney-Client | 04/21/1997 | Correspondence | Privileged |
| 0055 | Attorney-Client | 12/01/1995 | Correspondence | Privileged |
| 0056 | Attorney-Client | 05/26/1994 | Correspondence | Privileged |
| 0059 | Attorney-Client | 05/04/1995 | Correspondence | Privileged |
| 0060 | Attorney-Client | 05/26/1994 | Correspondence | Privileged |
| 0061 | Attorney-Client | 04/06/1995 | Correspondence | Privileged |
| 0062 | Attorney-Client | 05/26/1994 | Correspondence | Privileged |
| 0065 | Attorney-Client | 10/12/1994 | Correspondence | Privileged |
| 0066 | Attorney-Client | 05/26/1994 | Correspondence | Privileged |
| 0068 | Attorney-Client | 07/20/1994 | Correspondence | Privileged |
| 0069 | Attorney-Client | 08/28/1996 | Correspondence | Privileged |
| 0070 | Attorney-Client | 09/16/2002 | Correspondence | Privileged |
| 0072 | Attorney-Client | 02/03/2000 | Correspondence | Privileged |
| 0076 | Attorney-Client | 09/15/1999 | Correspondence | Privileged |
| 0077 | Attorney-Client | 09/01/1999 | Correspondence | Privileged |
| 0078 | Attorney-Client | 04/21/1997 | Correspondence | Privileged |
| 0082 | Attorney-Client | 12/17/1998 | Correspondence | Privileged |
| 0085 | Attorney-Client | 08/21/1998 | Correspondence | Privileged |
| 0094 | Attorney-Client | 02/19/1998 | Correspondence | Privileged |
| 0095 | Attorney-Client | 11/09/1989 | Report | Not Privileged-Produce |

| Priv. Doc. No. | Privilege Asserted | Date | Document Type | Court's Ruling |
|---|---|---|---|---|
| 0096 | Attorney-Client | 02/1990 | Report | Not Privileged-Produce |
| 0097 | Attorney-Client | 09/05/1990 | Report | Not Privileged- Produce |
| 0098 | Attorney-Client | 07/1990-09/1990 | Report | Not Privileged-Produce |

The redacted portions in documents 0095-0098 contain information regarding the prosecution of certain patent applications, which Plaintiff asserts is protected by the attorney-client privilege. Plaintiff is correct that an attorney's advice regarding a patent application is protected by the privilege. *Ryobi North America, Inc. v. Union Elec. Co., Inc.*, 7 F.Supp.2d 1019, 1021-22 (E.D. Mo. 1998) ("[I]nventors and their patent counsel often engage in quite substantive private dialogue as part of the process of shaping and focusing a patent application and like any other attorney-client relationship it is reasonable for them to expect their dialogue to remain confidential."). However, Plaintiff has failed to show how the redacted portions reflect legal advice in this case, and have failed to identify how the redacted portions represent dialogue between an attorney and his client. Plaintiff emphasizes that the documents were located in Monsanto/Dekalb's legal files, however, this alone is not sufficient to apply the attorney-client privilege. The case relied upon by Plaintiff allows for the application of attorney-client privilege without a named author or recipient when the document reflected legal advice, communicated to the party by outside counsel's law firm. *Tulip computers Intern, B.V. v. Dell Computer Corp.*, 2002 WL 31556498, *1 (D.Del. Nov. 18, 2002). The documents before this Court do not contain clear legal advice, but merely reference a patent application. Nor is there evidence that the documents were prepared by outside counsel's firm. Therefore documents 0095-0098 must be produced, unless Plaintiff can provide further information satisfactorily establishing privilege.

6

| Priv. Doc. No. | Privilege Asserted | Date | Document Type | Court's Ruling |
|---|---|---|---|---|
| 0099 | Attorney-Client | 07/1990-09/1990 | Report | Privileged |
| 0100 | Attorney-Client | 10/03/1990 | Report | Privileged |
| 0101 | Attorney-Client | 01/07/1991 | Report | Privileged |
| 0103 | Attorney-Client/ Work Product | 2/13/2002-03/07/2002 | E-mails | Privileged |
| 0104 | Attorney-Client/ Work Product | 02/19/2002 | E-Mail | Privileged |
| 0105 | Attorney-Client | 09/20/1989 | Correspondence | Not privileged-Produce. There is no evidence that the communication pertains to legal advice, and furthermore the author is not listed as an employee of Plaintiff corporation. |
| 0106 | Attorney-Client | 09/18/1989 | Correspondence | Not privileged-Produce. There is no evidence that the communication pertains to legal advice, and furthermore the recipient is not listed as an employee of Plaintiff corporation. |
| 0108 | Attorney-Client | 11/20/1986 | Memorandum with attachment | Privileged |
| 0109 | Attorney-Client | 12/31/1985 | Form with attachment | Privileged |
| 0110 | Attorney-Client | 12/31/1985 | Correspondence | Privileged |
| 0111 | Attorney-Client | 11/20/1984 | Form | Privileged |
| 0112 | Attorney-Client | 09/29/1986 | File History | Privileged |
| 0114 | Attorney-Client | 01/09/1988 | Correspondence | Privileged |
| 0117 | Attorney-Client | 05/12/1988 | File History | Privileged |
| 0128 | Attorney-Client | 11/09/1989 | Report | Not Privileged-Produce |
| 0129 | Attorney-Client | 01/02/1990 | Report | Not Privileged-Produce |

| Priv. Doc. No. | Privilege Asserted | Date | Document Type | Court's Ruling |
|---|---|---|---|---|
| 0130 | Attorney-Client | 02/1990 | Report | Privileged |
| 0132 | Attorney-Client | 05/11/1990 | Correspondence | Not Privileged-Produce. The party asserting the privilege has the burden of proving its applicability. Plaintiff asserts that the redacted portion is advice from outside counsel Warren Woessner, however, this is not evidenced in the document and therefore Plaintiff has failed to meet their burden. Plaintiff must either provide the Court with further evidence in support of Woessner's involvement, or produce the document. |
| 0134 | Attorney-Client | 10/03/1990 | Report | Privileged |
| 0135 | Attorney-Client | 11/05/1990 | Correspondence with attached reports | Privileged |
| 0136 | Attorney-Client | 02/15/1991 | Correspondence with attached reports | Privileged |
| 0137 | Attorney-Client | 11/17/1989 | Correspondence with attached reports | Privileged |
| 0143 | Attorney-Client/ Work Product | No Date | File Folder Cover | Privileged (Attorney-Client) |
| 0144 | Attorney-Client | 12/31/1985 | Form with attachment | Privileged |
| 0145 | Attorney-Client | 11/20/1984 | Form | Privileged |
| 0146 | Attorney-Client | 12/31/1985 | Correspondence with attachment | Privileged |
| 0147 | Attorney-Client | 12/31/1985 | Correspondence with attachment | Privileged |

| Priv. Doc. No. | Privilege Asserted | Date | Document Type | Court's Ruling |
|---|---|---|---|---|
| 0148 | Attorney-Client | 12/31/1985 | Form with attachment | Privileged |
| 0149 | Attorney-Client/ Work Product | 2/13/2002-02/19/2002 | E-mail chain | Privileged |
| 0150 | Attorney-Client | 11/20/1984 | Form | Privileged |
| 0151 | Attorney-Client/ Work Product | 2/15/2002-3/07/2002 | E-mail chain | Privileged |
| 0152 | Attorney-Client/ Work Product | 2/13/2002-2/19/2002 | E-mail chain | Privileged |
| 0153 | Attorney-Client | 04/18/1989 | Form with attachments | Privileged |
| 0156 | Attorney-Client | No Date | Draft Patent Drawings | Not Privileged-Produce. There is no evidence that this document was produced for or by attorney Dennis Hoerner, and no attorney is listed by Plaintiff as creating or receiving the document. Unless Plaintiff can provide further evidence regarding how this document is protected by the Attorney-Client privilege, it must be produced. |
| 0157 | Attorney-Client | 03/05/1991 | Report | Privileged |
| 0158 | Attorney-Client | 04/29/1991 | Correspondence with attached reports | Privileged |
| 0159 | Attorney-Client | 04/29/1991 | Correspondence with attached reports | This appears to be a duplicate of No. 0158. Plaintiff shall explain why duplicates are submitted. |
| 0160 | Attorney-Client | 06/02/1991 | Correspondence with attached reports | Privileged |

| Priv. Doc. No. | Privilege Asserted | Date | Document Type | Court's Ruling |
|---|---|---|---|---|
| 0161 | Attorney-Client | 11/14/1991 | Correspondence with attached reports | Not Privileged-Produce. Plaintiff states in its privilege log that this report was located in Monsanto or Dekalb's legal files, and that the redacted portion is legal advice from Warner Woessner. There is no evidence in the document that this was advice from Woessner, and he is neither the recipient nor the author. Plaintiff shall produce the documents, unless they can provide further evidence that the redacted portion is legal advice. |
| 0163 | Attorney-Client | 08/08/1990 | Correspondence with attached reports, contained within "Field Stations 2nd Qtr. Reports" file folder | Privileged |
| 0164 | Attorney-Client | 10/1990 | Reports | Privileged |
| 0166 | Attorney-Client | 05/22/1992 | Report | Privileged |
| 0172 | Attorney-Client | 07/11/1988 | Report | Privileged |
| 0174 | Attorney-Client | 07/18/1990 | Report with hand written notes | Privileged |

| Priv. Doc. No. | Privilege Asserted | Date | Document Type | Court's Ruling |
|---|---|---|---|---|
| 0175 | Attorney-Client | 1990 | Report | Not Privileged-Produce. Plaintiff states in its privilege log that this report was located in Monsanto or Dekalb's legal files, and that the redacted portion is legal advice from Warner Woessner. There is no evidence in the document that this was advice from Woessner, and he is neither the author nor the recipient. Plaintiff shall produce the document, unless they can provide further evidence that the redacted portion is legal advice. |
| 0177 | Attorney-Client | 12/04/2004 | E-mail chain of correspondence | Privileged |
| 0178 | Attorney-Client/ Work Product | 2003 | Presentation | Privileged (Attorney-Client and Work Product) |
| 0182 | Work Product | 2004 | Draft Correspondence | Privileged |
| 0193 | Attorney-Client | 04/05/2005 | Publication and hand written notes | The hand written notes are privileged. However, the remainder of the document is not privileged as it does not reflect legal advice or communication with an attorney and therefore must be produced. |
| 0196 | Attorney-Client | 05/05/1988 | Report | Privileged |
| 0198 | Attorney-Client | 07/1988 | Report | Privileged |
| 0200 | Attorney-Client | 02/19/1988 | Report | Privileged |
| 0201 | Attorney-Client | 03/25/1988 | Report | Privileged |
| 0202 | Attorney-Client | 04/22/1988 | Report | Privileged |

| Priv. Doc. No. | Privilege Asserted | Date | Document Type | Court's Ruling |
|---|---|---|---|---|
| 0203 | Attorney-Client | 07/15/1988 | Report | The redacted portions on page one under the heading 1. Lysine, are not privileged. Plaintiff must either produce this information or provide the court with further evidence of an attorney's involvement.<br><br>The redacted portion on page six is Privileged under the Work Product Doctrine. |
| 0204 | Attorney-Client | 07/15/1988 | Report | Privileged |
| 0205 | Attorney-Client | 1992 | Report | Not Privileged-Produce. Plaintiff states in its privilege log that this report was located in Monsanto or Dekalb's legal files, and that the redacted portion is legal advice from Warner Woessner. There is no evidence in the document that this was advice from Woessner, and he is neither the author nor the recipient. Plaintiff shall produce the document, unless they can provide further evidence that the redacted portion is legal advice. |
| 0207 | Attorney-Client | No Date | Report/Outline | Privileged |
| 0220 | Attorney-Client | 06/27/1996 | Correspondence with attachments | Privileged |
| 0221 | Attorney-Client | 01/12/1990 | Correspondence | Privileged |
| 0222 | Attorney-Client | 01/12/1990 | Correspondence | Privileged |
| 0223 | Attorney-Client | 12/13/1989 | Correspondence | Privileged |

| Priv. Doc. No. | Privilege Asserted | Date | Document Type | Court's Ruling |
|---|---|---|---|---|
| 0224 | Attorney-Client/ Work Product | 08/23/2000 | Report | Privileged-Attorney-Client |
| 0225 | Attorney-Client | 03/27/1990 | Correspondence | Privileged |
| 0226 | Attorney-Client | 2/14/1990-2/15/1990 | Correspondence | Privileged |
| 0227 | Attorney-Client | 02/12/1990 | Correspondence | Privileged |
| 0228 | Attorney-Client | 03/071990 | Handwritten Notes | Privileged |
| 0230 | Attorney-Client | 06/29/1988 | Correspondence | Privileged |
| 0232 | Attorney-Client | 01/15/1990 | Handwritten notes | Privileged |
| 0233 | Attorney-Client | 01/15/1990 | Draft Patent Addendum | Not Privileged-Produce. Plaintiff is to provide the Court with additional explanation as to how they identified Jacobs as the author of this document, otherwise they must produce it. |
| 0234 | Attorney-Client | 01/19/1990 | Notes | Not-Privileged Produce. Plaintiff is to provide the Court with additional explanation as to how they identified Jacobs as the author of this document, otherwise they must produce it. |
| 0235 | Attorney-Client | 05/19/1990 | Lab Notebooks with attached correspondence | The last page of this document is privileged. However, there are a number of black squares on pages 48-49. The Court believes that these are illustrations of Western Blots. However, if they are not, Plaintiff shall provide further explanation as to why they are redacted. |

| Priv. Doc. No. | Privilege Asserted | Date | Document Type | Court's Ruling |
|---|---|---|---|---|
| 0236 | Attorney-Client | 01/20/2001 | Handwritten Notes | Privileged |
| 0237 | Attorney-Client | 05/13/1996 | Correspondence with attachments | Privileged |
| 0238 | Attorney-Client | 05/09/1996 | Correspondence | Privileged |
| 0239 | Attorney-Client/ Work Product | 05/08/1996 | Correspondence | Privileged (Attorney-Client) |
| 0241 | Attorney-Client | 09/19/2001 | Correspondence | Privileged |
| 0242 | Attorney-Client | 01/14/2000 | Correspondence | Privileged |
| 0243 | Attorney-Client | 09/05/2001 | Correspondence | Privileged |
| 0244 | Attorney-Client | 04/17/2001 | Correspondence | Privileged |
| 0245 | Attorney-Client | 02/23/1999 | Correspondence | Privileged |
| 0246 | Attorney-Client | 02/22/2000 | Correspondence | Not Privileged-Produce. This document does not show that any connection to Dennis Hoerner. Plaintiff shall either provide additional evidence of Hoerner's involvement, or produce the document. |
| 0247 | Attorney-Client | 02/01/1994 | Notes with attachment | Privileged |

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Production of Documents [doc. #63] is **GRANTED in part and DENIED in part**. Plaintiff shall produce documents in accordance with this order.

14

**IT IS FURTHER ORDERED** that Plaintiff has ten (10) days from the date of this order to provide the Court with further explanation on those documents specified above, or in the alternative to produce the documents.

Dated this <u>9th</u> Day of <u>July</u>, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE